RALPH L. TRISKO AND MILDRED E. TRISKO, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61222.   Filed December 24, 1957.

*Sheldon S. Cohen, Esq.*, for the petitioners.
*Douglas W. Argue, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* The facts in the instant case are not in dispute. The question presented is whether under these facts petitioner may have the benefits provided by section 112 (n) of the Internal Revenue Code of 1939. This subsection and pertinent provisions of respondent's regulations are set out in the margin hereof.[2]

It is apparent that the general purpose of this statute was to provide relief to individual taxpayers who felt it necessary or advisable to

---

[2] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(n) GAIN FROM SALE OR EXCHANGE OF RESIDENCE.—

(1) NONRECOGNITION OF GAIN.—If property (hereinafter in this subsection called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning one year prior to the date of such sale and ending one year after such date, property (hereinafter in this subsection called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's selling price of the old residence exceeds the taxpayer's cost of purchasing the new residence.

Regulations 111. (As amended by T. D. 5991, 1953–1 C. B. 146, 154.)

SEC. 29.112 (n)–1. GAIN FROM SALE OR EXCHANGE OF RESIDENCE.—(*a*) *In general.*— Gain from a sale after December 31, 1950, of property used by the taxpayer as his principal residence (referred to hereinafter as the "old residence") will not be recognized if the taxpayer within a period beginning one year prior to the date of such sale and ending one year after such date purchases property and uses it as his principal residence (referred to hereinafter as the "new residence") except to the extent that the taxpayer's selling price of the old residence exceeds the taxpayer's cost of purchasing the new residence. In the case of a new residence the construction of which was commenced by the taxpayer at any time prior to the expiration of one year after the date of the sale of the old residence, the one year after the sale of the old residence referred to in the preceding sentence shall be considered as including a period of 18 months beginning with the date of the sale of the old residence. Such nonrecognition of gain is mandatory. This section applies only with respect to gains; losses from sales of property used by the taxpayer as his principal residence are recognized or not recognized without regard to this section.

(*b*) *Rules for application of section.*—(1) *Property used by the taxpayer as his principal residence.*—Whether or not property is used by the taxpayer as his residence, and whether or not property is used by the taxpayer as his principal residence (in the case of a taxpayer using more than one property as a residence), depends upon all of the facts and circumstances in each individual case, including the bona fides of the taxpayer. The mere fact that property is, or has been, rented is not determinative that such property is not used by the taxpayer as his principal residence. For example, if the taxpayer purchases his new residence before he sells his old residence, the fact that he temporarily rents out the new residence during the period before he vacates the old residence may not, in the light of all the facts and circumstances in the case, prevent the new residence from being considered as property used by the taxpayer as his principal residence. Property used by the taxpayer as his principal residence may include a houseboat, a house trailer, or stock held by a tenant-stockholder in a cooperative apartment corporation (as those terms are defined in section 23 (z) (2)), if the apartment which the taxpayer is entitled to occupy as such stockholder is used by him as his principal residence. Property used by the taxpayer as his principal residence does not include personal property such as a piece of furniture, a radio, etc., which, in accordance with the applicable local law is not a fixture.

Where part of a property is used by the taxpayer as his principal residence and part is used for other purposes, an allocation must be made to determine the application of this section. If the old residence is used only partially for residential purposes, only that part of the gain allocable to the residential portion may be not recognized under this section and only an amount allocable to the selling price of such portion need be reinvested in the new residence in order to have the gain allocable to such portion not recognized under this section. If the new residence is used only partially for residential purposes, only so much of its cost as is allocable to the residential portion may be counted as the cost of purchasing the new residence.

sell their homes and used the proceeds to purchase new or substitute homes. If all the proceeds of such a sale were used in the purchase of the new home, the transaction was to be considered in effect as a nontaxable exchange of the old home for the new.

In the instant case the respondent has determined that the petitioner is not entitled to the relief afforded by section 112 (n) because at the time he sold his old home and purchased the new home he was not residing in his old home but was leasing it to tenants and using it as income-producing real estate.

Petitioner points out that he built the house for use as a home, that he lived there with his family for many years, that he and his family left it only because of his temporary assignment to work abroad, that he at all times intended to return to the house and make it his home, that his primary purpose in leasing the house while he was abroad was to provide for its care and maintenance, that the negligible profit he derived from the rentals was a secondary consideration, and that he attempted to regain possession of the house for use as a home upon his return to this country, but because this was immediately impossible on account of Rent Control Regulations imposed by the Federal Government he was compelled to purchase another home at a time when his old home was occupied by tenants.

We have no doubt but that the situation presented by the instant case is of the general type which Congress considered entitled to the relief provided for by section 112 (n). The narrow question is whether petitioner is precluded from such relief by reason of the words "used * * * as his principal residence" appearing in the statute.

That Congress did not intend that the relief afforded by this statute should be confined solely to cases where the old home is actually lived in by the taxpayer as a home at the time of sale is indicated by that part of the committee reports which reads as follows:

> Whether or not property is used by the taxpayer as his residence, and whether or not property is used by the taxpayer as his principal residence (in the case of a taxpayer using more than one place of residence), depends upon all of the facts and circumstances in each individual case, including the bona fides of the taxpayer. The term "residence" is used in contradistinction to property used in trade or business and property held for the production of income. Nevertheless, the mere fact that the taxpayer temporarily rents out either the old or the new residence may not, in the light of all of the facts and circumstances in the case, prevent the gain from being not recognized. For example, if the taxpayer purchases his new residence before he sells his old residence, the fact that he rents out the new residence during the period before he vacates the old residence will not prevent the application of this subsection. [H. Rept. No. 586, 82d Cong., 1st Sess. (1951), p. 109; S. Rept. No. 781 (Supp.), 82d Cong., 1st Sess. (1951), p. 32.]

This is recognized by respondent in his regulations quoted above.

In our opinion "all of the facts and circumstances" in the instant case, "including the bona fides of the taxpayer," indicate to our satis-

faction that the property sold by the taxpayer was used by him as a residence "in contradistinction to property used in trade or business and property held for the production of income" in spite of the fact that "the taxpayer temporarily rent[ed] out * * * the old * * * residence."

Our decision, limited strictly to the facts here present, is in favor of petitioner upon the issue before us.

*Decision will be entered for the petitioners.*