RUDOLPH M. STUCCHI and JUDITH STUCCHI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stucchi v. Commissioner
Docket No. 1614-75.
United States Tax Court
T.C. Memo 1976-242; 1976 Tax Ct. Memo LEXIS 158; 35 T.C.M. (CCH) 1052; T.C.M. (RIA) 760242; August 9, 1976, Filed Richard J. DeAngelis, for the petitioners. Daniel P. Ehrenreich, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' 1971 income tax in the amount of $1,061.33 and an addition to tax in the amount of $265.33 pursuant to section 6651(a), I.R.C. 1954. The principal matter at issue is whether gain realized by petitioners upon sale of certain property in Framingham, Massachusetts, qualifies for nonrecognition under section 1034, and in particular whether that property was "used" by petitioners as their "principal residence" within one year before they *159 purchased a new residence within the meaning of section 1034(a). Most of the facts have been stipulated. In November, 1965, petitioners, husband and wife, purchased a home in Framingham, Massachusetts (the "Potter Road home"), which they occupied until January, 1968. In January, 1967, petitioner Mr. Stucchi was transferred by his employer to Wappingers Falls, New York. His family remained at the Potter Road home throughout 1967, but joined him in Wappingers Falls in January, 1968. In January, 1968, petitioners leased their Potter Road home for the period from January to September, 1968. Then in September, 1968, that property was leased to a new tenant for a year, and in September, 1969, the lease was renewed for a second year. In September, 1970, petitioners again leased the Potter Road home to a different tenant, who subsequently abandoned the property in early 1971. Under these various arrangements, the property was leased unfurnished except for some major appliances such as an electric refrigerator, stove and washing machine. Although petitioners moved most of their possessions with them to Wappingers Falls, they left some belongings, such as children's furniture, *160 personal sporting equipment, and tools, behind in a locked, partly finished room in the basement of the Potter Road home. Petitioners never reoccupied that home after they had finally ceased living there in January, 1968. In July, 1969, Mr. Stucchi's employment in New York came to a sudden, "screeching halt", and the family moved back to Massachusetts at that time. Upon their return petitioners rented an apartment in Wayland, Massachusetts, where they lived until 1971. In September, 1970, while petitioners were living in the rented apartment in Wayland, they leased the Potter Road home to the third tenant, rather than reoccupying the premises themselves. In early 1971, petitioners negotiated for and purchased a residence in Franklin, Massachusetts. The purchase was concluded in June, 1971. Petitioners paid $39,000 for their new home. Meanwhile, in May, 1971, they sold their Potter Road home for a gross sales price of $31,600, and incurred sales expenses in the amount of $1,717. Petitioners' cost for their Potter Road home was $21,000, and, as a result of depreciation in the aggregate amount of $2,450 claimed by them for the years 1968-1971, their adjusted basis in the *161 property was $18,550 at the time they sold it in 1971. They reported no gain upon that sale, in reliance upon the nonrecognition provisions of section 1034 of the Code. The Commissioner determined that section 1034 was inapplicable because "the sale of [the Potter Road home] does not qualify as the sale of your principal residence". The benefits of section 1034 are available only upon the sale of "property * * * used by the taxpayer as his principal residence". Robert W. Aagaard,56 T.C. 191, 202; Richard T. Houlette,48 T.C. 350, 354; William C. Stolk,40 T.C. 345, 350, affirmed per curiam 326 F. 2d 760 (C.A. 2). "The term 'residence' is used in contradistinction to property used in trade or business and property held for the production of income". H. Rept. No. 586, 82d Cong., 1st Sess. (1951), p. 109, 1951-2 C.B. 357, 436; S. Rept. No. 781 (Supp.), 82d Cong., 1st Sess. (1951), p. 32, 1951-2 C.B. 545, 566. But actual occupancy of the premises at the time of sale is not required, and some temporary renting out of the property may not preclude nonrecognition of gain. Robert G. Clapham,63 T.C. 505; *162 Robert W. Aagaard,supra,56 T.C. at 202; Ralph L. Trisko,29 T.C. 515, 518-519; H. Rept. No. 586, supra,
Section 1.1034-1(c)(3)(i), Income Tax Regs., prescribes the test to be used in making the distinctions required by the statute, as follows: (i) Whether or not property is used by the taxpayer as his residence, and whether or not property is used by the taxpayer as his principal residence (in the case of a taxpayer using more than one property as a residence), depends upon all the facts and circumstances in each case, including the good faith of the taxpayer. The mere fact that property is, or has been, rented is not determinative that such property is not used by the taxpayer as his principal residence. In their petition to this Court, petitioners allege that they "never abandoned the property as their principal residence and always retained their Massachusetts domicile, though they paid some income taxes to the State of New York". In support of that position, Mr. Stucchi gave some testimony before us tending to show that there was an intention to reoccupy the Potter Road home. However, not only was the limited testimony vague *163 and conclusory, but moreover it was entirely inadequate to sustain petitioners' burden of proving that they are entitled to the benefits of section 1034. Rule 142(a), Tax Court Rules of Practice and Procedure. In this respect we note particularly that petitioners leased the Potter Road home to a new tenant in September, 1970, rather than reoccupying the premises. And there was simply no evidence suggesting that any of the special circumstances, found in Robert G. Clapham,supra,63 T.C. at 511-512, or in Ralph L. Trisko,supra,29 T.C. at 519, were present here. In the circumstances, there is no escape from the conclusion that the relief provided by section 1034 is not available here. Because there is no dispute between the parties as to the amount of gain determined by the Commissioner, and because no evidence was presented challenging the addition to tax (which must therefore be approved), Decision will be entered for the respondent.