ROBERT L. YOUNG and JOY P. YOUNG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Young v. Commissioner
Docket No. 20389-80.
United States Tax Court
T.C. Memo 1985-127; 1985 Tax Ct. Memo LEXIS 494; 49 T.C.M. (CCH) 1002; T.C.M. (RIA) 85127; March 25, 1985. Robert L. Young, pro se. Joseph F. Long, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $1,401 deficiency in petitioners' 1976 Federal income taxes. The sole issue for decision is whether petitioners are entitled to the nonrecognition benefits of section 1034 [1] with respect to the sale of petitioner Robert L. Young's interest in his former residence. FINDINGS *495 OF FACT Some of the facts have been stipulated and are found accordingly. Robert L. Young and Joy P. Young (Joy), husband and wife, resided in Monroe, Connecticut, at the time they filed their petition herein. Petitioners timely filed their 1976 joint Federal income tax return with the Internal Revenue Service Center, Andover, Massachusetts. Petitioner Joy P. Young is a party herein only by virtue of having filed a joint return with Robert L. Young. Hereinafter all references to petitioner will refer to Robert L. Young. Petitioner's prior marriage to Mabel J. Young (Mabel) ended in divorce on October 31, 1975. Pursuant to the terms of the divorce decree, petitioner received title to a house in Florida and a 25 percent interest in a house located in Huntington, Connecticut (hereinafter the Huntington residence). Mabel received a 75 percent interest in the Huntington residence, and she and petitioner's daughter were given the exclusive right to reside therein. The decree further provided that petitioner was to pay $80 per week alimony as well as the mortgage, real estate, water, taxes, and homeowners insurance on the Huntington residence. Petitioner was to continue making *496 payments on the Huntington residence until the termination of his daughter's education at which time the property was to be sold and the proceeds divided 25 percent to petitioner and 75 percent to Mabel. On the date of the divorce, petitioner's daughter was in the first year of a 3 year nursing program which she terminated during January 1976. Petitioner moved out of the Huntington residence on October 31, 1975, and rented an apartment in Bridgeport, Connecticut, until April 1976. On April 24, 1976, petitioner married his present wife, Joy, and moved into her home in Bridgeport where they resided until November 1977. On November 12, 1976, petitioner and Mabel entered into a Stipulation For Modification of the divorce decree in which petitioner agreed to convey his 25 percent interest in the Huntington residence in return for being released from the obligation to pay alimony as well as the mortgage and other fees associated with the Huntington residence. Petitioner executed a quit claim deed to Mabel with respect to his 25 percent interest in the Huntington property on November 30, 1976. During November 1977, petitioner and Joy purchased a new home in Monroe, Connecticut (the *497 new residence). On their joint 1976 Federal income tax return, petitioner did not report any gain from the November 1976 sale of his 25 percent interest in the Huntington property. In the notice of deficiency, respondent determined that petitioner recognized an $8,350 taxable long-term capital gain from the sale of the Huntington residence because petitioner did not meet the purchase and use requirements of section 1034. OPINION We must determine whether petitioner qualifies for the nonrecognition benefits of section 1034 with respect to the sale of his interest in the Huntington residence. Section 1034(a) provides for nonrecognition of gain on the sale of property used by the taxpayer as his principal residence if within a specified period [2] the taxpayer purchases a new principal residence of equal or greater value. Section 1.1034-1(c)(3), Income Tax Regs., provides that the determination of whether or not property is used by the taxpayer as his principal residence "depends upon all the facts and circumstances in each case, including the good faith of the taxpayer." *498 Respondent maintains that petitioner abandoned the Huntington property on October 31, 1975, when pursuant to the divorce decree, petitioner's former wife and daughter were given exclusive use of the house. Petitioner contends that he did not abandon the Huntington residence because he paid the mortgage, taxes, and insurance, and he intended to purchase the property from his former wife when his daughter terminated her education. Petitioner further contends that his daughter's use of the residence should be attributed to him, but that if it is determined that he abandoned the property the date of the abandonment was November 12, 1976, when the divorce decree was modified and petitioner's 25 percent interest in the Huntington residence was terminated. Generally, for property to be "used by the taxpayer as his principal residence" within the meaning of section 1034(a), that taxpayer must physically occupy and live in the house. See Houlette v. Commissioner,48 T.C. 350 (1967); Stolk v. Commissioner,40 T.C. 345 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964); Bayley v. Commissioner,35 T.C. 288 (1960). In Stolk v. Commissioner,supra, *499 we placed heavy emphasis upon actual use of a home for purposes of determining whether property qualified as the old "principal residence" for purposes of section 1034. The issue of whether property constitutes a principal residence, however, depends entirely upon the facts and circumstances in each case, and actual use of the old residence at the time of sale is not unconditionally required. See e.g., Clapham v. Commissioner,63 T.C. 505, 508 (1975); Trisko v. Commissioner,29 T.C. 515 (1957). But generally, cases in which taxpayers have been allowed the benefits of section 1034(a) even though they were not in possession of the old residence at the time of sale involve either the temporary rental of the property or, in situations involving longer rentals, exceptional or unusual facts and circumstances over which the taxpayer had no control. Clapham v. Commissioner,supra;section 1.1034-1(c)(3), Income Tax Regs.
Under the facts herein, we believe that the Huntington residence was not petitioner's old residence within the meaning of section 1034(a). Petitioner ceased to live at the Huntington residence after October 31, 1975, when *500 the divorce decree granted his former wife and daughter exclusive use of the property. Thereafter, petitioner rented an apartment for several months before moving into Joy's Bridgeport home in April 1976, at the time they were married. Petitioner and Joy then continuously resided in her Bridgeport home until they purchased a new home in Monroe, Connecticut, during November 1977. We believe that at the time the Monroe residence was purchased, Joy's Bridgeport home was petitioner's "old residence" within the meaning of section 1034(a) because that property had been petitioner's actual home for nearly 20 months and he did not have the right to occupy the Huntington residence. See Stolk v. Commissioner,supra at 353-354. As of October 31, 1975, the Huntington residence ceased to be petitioner's residence and it became solely his former wife's and daughter's residence. The fact that petitioner paid the mortgage and all fees associated with the Huntington residence and had the right to visit his daughter there cannot be construed to preserve his status as a resident therein. [3] Nor may we attribute petitioner's daughter's use of the Huntington residence to *501 petitioner because the statute requires actual use of the residence by the taxpayer. Stolk v. Commissioner,supra.
We do not believe that this cases presents such unusual facts and circumstances that petitioner *502 can be considered to have retained his residence at the Huntington residence when he had not lived in the house for more than 2 years prior to the purchase of the new home. Petitioner's failure to satisfy the limitations of section 1034(a) cannot alter the inapplicability of the section because the conditions under which the section applies have been circumscribed by Congress and enforced by the courts. Shaw v. Commissioner,69 T.C. 1034, 1038 (1978). Furthermore, a divorce, while often unpleasant and unwanted, is uniquely personal and is not the type of external, objective, circumstance that allows a taxpayer not in possession of a home to be deemed a resident therein for purposes of section 1034(a). See Clapham v. Commissioner,supra.Accordingly, under the facts and circumstances here present petitioner is not entitled to the nonrecognition benefits of section 1034(a). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Throughout the years in issue, the taxpayer's new principal residence must have been purchased within 18 months before or after the sale of the old principal residence. Sec. 1034(a). Effective with respect to old residences sold or exchanged after July 20, 1981, the 18 month period was extended to 2 years. Pub. L. 97-34, sec. 122(a), 95 Stat. 172, 197.↩
3. While we believe that petitioner was not a resident at the Huntington residence, we do not necessarily believe that he "abandoned" the Huntington residence in the literal sense. See Stolk v. Commissioner,40 T.C. 345, 351 (1963), affd. per curiam 326 F. 2d 760 (2d Cir. 1964). At trial, petitioner testified that he intended to purchase Mabel's interest in the Huntington residence and live there again. However, in intention to return to the old residence is only one of the relevant factors to be considered, and under the circumstances we find that the Huntington residence was not petitioner's old residence within the meaning of section 1034(a). See Clapham v. Commissioner,63 T.C. 505, 508 (1975), citing Aagaard v. Commissioner,56 T.C. 191↩ (1971). Accordingly, petitioner's argument that he abandoned the Huntington residence on November 12, 1976, is not relevant to our determination.