**Nelson C. and Adele B. ELAM,
Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 72–1836.**

United States Court of Appeals,
Sixth Circuit.

May 22, 1973.

William E. Martin, Nashville, Tenn., for petitioners-appellants; William Waller, Nashville, Tenn., on brief; Waller, Lansden, Dortch & Davis, Nashville, Tenn., of counsel.

Murray S. Horwitz, Tax Division, Dept. of Justice, for respondent-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Grant W. Wiprud, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief; Lee H. Henkel, Jr., Chief Counsel, IRS, Washington, D. C., of counsel.

Before WEICK and EDWARDS, Circuit Judges, and WILSON *, District Judge.

PER CURIAM:

This is an appeal from a decision of the United States Tax Court disallowing a deduction for the reinvestment of the proceeds from the sale of the taxpayers' home. The contention is made by the taxpayers that the Tax Court misconstrued Section 1034 of the Internal Revenue Code of 1954 (26 U.S.C. § 1034) by not allowing a reinvestment deduction to the extent that the gain from a home sale was reinvested within 18 months in the construction of a guest house and a main house where the guest house was completed and occupied within the allowable 18 month period, but where the main residence on the same premises remained unfinished and unoccupied at the expiration of the 18 month period.

The relevant facts may be stated briefly as follows. The appellant taxpayers received the sum of $93,333.33 from the sale of their residence. This sum included a gain of $45,314.00 realized upon the sale. Within 18 months of the sale the taxpayers reinvested a total of $83,276.77 in the acquisition of land and the con-

struction of two new residences. Of this sum $24,672.93 was invested in the acquisition of land, the building of outbuildings, and the building of a guest house. The guest house was completed and occupied by the taxpayers within the 18 month period as a temporary residence, pending completion of the main house. At the end of 18 months $58,603.84 had been invested in the main house, but that residence was not completed or occupied by the taxpayers until some two years after the sale of the former residence. The Tax Court disallowed the claiming of any portion of the $58,603.84 reinvested in the main house as of the end of the 18 month period as an avoidance of gain deduction since the main house remained incomplete and unoccupied at that time. Rather, in applying the non recognition of gain strictures laid down in the statute, the Tax Court construed Section 1034 as requiring the exclusion of any funds invested in the incomplete and unoccupied main house.[1]

Section 1034, abbreviated to those portions relevant to the facts of this case, reads as follows:

> Sec. 1034. (a) *Nonrecognition of Gain.* —If property (in this section called "old residence") used by the taxpayer as his principal residence is sold . . . and [within one year on replacement or 18 months on new construction] *property* (in this section called "new residence") *is purchased and used by the taxpayer as his principal residence,* gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price . . . of the old residence exceeds the taxpayer's cost of purchasing the new residence." [2] (Emphasis supplied)

* Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

1. The Commissioner has taken the position upon this appeal that none of the costs incurred by the taxpayers may be offset against the adjusted sales price because the taxpayers at all times intended to use the main house as a principal residence and did not intend to so use the guest house. However, since no appeal was taken from the Tax Court's decision in this regard, it is not properly before this Court and the Court expresses no opinion as to the correctness of this contention.

2. For a general discussion of the statute here involved, see annotation "Con-

■ Stated quite simply, the issue is whether under the facts here presented the incomplete and unoccupied main house was to be included as a part of the "property . . . purchased and used by the taxpayer as his principal residence," or whether, because of its unfinished and unoccupied status, it was to be excluded in determining the extent of deductible reinvestment accomplished within 18 months.

We conclude that it was not such "property" as to be entitled to nonrecognition treatment under the statute. We accordingly affirm the decision of the Tax Court.

■ In arriving at this conclusion recognition must be given to the well settled principle that statutes granting tax exemptions or deferments must be strictly construed. Commissioner v. Baertschi, 412 F.2d 494, 499 (C.A.6, 1969); Kentucky Utilities Co. v. Glenn, 394 F.2d 631 (C.A.6, 1968); Commissioner v. Jacobson, 336 U.S. 28, 69 S.Ct. 358, 93 L.Ed. 477 (1949); Helvering v. Ohio Leather Co., 317 U.S. 102, 106, 63 S.Ct. 103, 87 L.Ed. 113 (1942). Although the contention can be and is in fact made that the second residence or

"main house" was but an improvement or appurtenance to the guest house, or vice versa, and therefore included with the "property" entitled to nonrecognition treatment, such a construction would serve to relax, not restrict, the thrust and meaning of the statute.

The main house was neither used nor available for use at the end of the statutory period. It was neither an environ, outbuilding or appurtenance to the guest house. Rather, the "property . . . purchased and used" by the taxpayers as their principal residence at the expiration of the statutory period included at most only the guest house and its environs, out-buildings and appurtenances.

The taxpayers have in effect invested in two residences, one completed and used within the statutory period and the other neither completed nor used during the statutory period. To permit a deduction under these circumstances would not only require an expansive reading of a statute meant to be strictly construed, but also could well lead to abuses not now perceived.

The decision of the Tax Court is affirmed.

struction and Application of § 1034 of Internal Revenue Code of 1954 (26 USC § 1034) Concerning Nonrecognition of

Gain on Sale or Exchange of Residential Property," 5 A.L.R.Fed. 205.