JOSEPH T. GELINAS and MARIE T. GELINAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gelinas v. Commissioner
Docket No. 1879-75.
United States Tax Court
T.C. Memo 1976-103; 1976 Tax Ct. Memo LEXIS 301; 35 T.C.M. (CCH) 448; T.C.M. (RIA) 760103; March 31, 1976, Filed Joseph T. Gelinas, pro se. J. O. Tannenbaum, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1971 in the amount of $36,288.43. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision only whether petitioners are entitled under section 1034, I.R.C. of 1954, [1] to defer the gain realized on the sale of their principal residence when they were unable to actually occupy their newly constructed residence within 18 months after *302 the sale of their old residence because construction of the new residence was delayed by a Stop Order issued by an agency of the state government. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Hyannis, Massachusetts at the time of the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1971 with the Director, Internal Revenue Service Center, Andover, Massachusetts. On June 7, 1971, petitioners sold real property located on Lewis Bay in Hyannis, Massachusetts to the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority. The property consisted of a motel, a boat landing, and petitioners' personal residence. Of the total amount of $1,200,000 received for the entire property, the amount of $160,000 was for petitioners' personal residence. This property had been petitioners' personal residence since 1961. Their adjusted basis in the residence as of the date of sale was $25,200. Of the total expenses of $57,600 incurred by petitioners on sale of the property, *303 the amount of $7,660.80 was applicable to their personal residence. On June 7, 1971, petitioners purchased real property on Harbor Bluff Road in Hyannis, Massachusetts with the intention of constructing a new principal residence thereon. There was a 26-year-old habitable building located on the property when petitioners acquired it. This building, which had town sewer connections and utility services, was demolished on July 15, 1971. On August 20, 1971, petitioners obtained a building permit from the town of Barnstable, Massachusetts for the construction of their new residence. Since petitioners' new residence was to be built close to the shoreline, construction of a reinforced concrete seawall was necessary before building of the residence could commence. On September 1, 1971, petitioners' contractor began construction of the seawall. After complaints of property owners in the immediate vicinity were received, the Director of Marine Fisheries, Department of Natural Resources, Commonwealth of Massachusetts, issued a Stop Order on September 30, 1971, requiring work on the seawall to be discontinued. On October 3, 1971, petitioners' contractor was arrested for alleged digging in a *304 marsh area in violation of the Wet Lands Act of the Commonwealth of Massachusetts. After trial in the spring of 1972, the contractor was found not guilty of all charges by the Barnstable First District Court, Commonwealth of Massachusetts. On August 21, 1972, following the acquittal of the contractor, the Suffolk County Superior Court, Commonwealth of Massachusetts, held in favor of petitioners in their contest with the Director of Marine Fisheries and voided the Stop Order issued by that Director. On August 28, 1972, petitioners received from the Director of Marine Fisheries a permit enabling construction of the seawall and residence to continue. On September 5, 1972, petitioners' contractor resumed construction of the seawall and the new residence with the intent of completing the construction contract by December 5, 1972. The construction was not completed by December 5, 1972, and petitioners did not occupy the new residence as their principal residence until on or about May 31, 1973. The final cost of the new residence was $165,000. Petitioners were permitted to continue to reside in their residence on Lewis Bay in Hyannis, Massachusetts until March 24, 1972, when they acquired *305 another residence located on Blackberry Lane in Hyannis, Massachusetts at a total cost of $51,509.11. On Form 2119, Sale or Exchange of Personal Residence, which was attached to petitioners' income tax return for the calendar year 1971, petitioners show a selling price of their old residence of $160,000, a basis of this residence of $25,200, and a gain from the sale of $134,800. They reported the cost of the new residence as $165,000, no amount of the gain as taxable, and the gain to be deferred as $134,800. Respondent determined that gain in the amount of $50,415.05 on the sale of petitioners' old residence might not be deferred under section 1034 because petitioners did not occupy their new residence within 18 months after the date of the sale of their old residence. [2]
Section 1034(a) of the I.R.C. of 1954, [3] as applicable to the year 1971, provides that if *306 property used by a taxpayer as his principal residence is sold by him and within a period beginning one year before the date of such sale and ending one year after the date of such sale a new residence is purchased and "used" by the taxpayer as his principal residence, gain from the sale of the old residence shall be recognized only to the extent that the taxpayer's adjusted sales price of the old residence exceeds the cost of purchasing the new residence. Section 1034(c)(5)[4] provides that in the case of a new residence, the construction of which is commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence, the period allowed for the taxpayer to use the new residence as his principal residence shall be 18 months from the date of the sale of the old residence. *307 Petitioners take the position that since the construction of their new residence was delayed for a period of 11 months by the action of an agency of the Commonwealth of Massachusetts, the 18-month period permitted by the statute for their occupancy of the new residence should be extended by 11 months. They, in effect, argue that they should not be penalized because of actions of a state government which were held by the courts to be unjustified. In John F. Bayley, 35 T.C. 288, 295-297 (1960), we reviewed the legislative history of section 1034 and concluded that in order to meet the requirements of nonrecognition of the gain on the sale of an old residence because of construction of a new residence the new residence must be actually occupied within 18 months after the sale of the former residence. We quoted from the Senate Finance Committee Report No. 781, 82d Cong., 1st Sess. (1951), 1951-2 C.B. 458, 483, explaining the provision of section 112(n) of the 1939 Code (section 303 of the Revenue Act of 1951), the predecessor of section 1034, placing emphasis on the statement therein that the "requirement of occupancy within 1 year" appeared not to be *308 realistic in case of construction of a new dwelling and from the Joint Committee Staff Summary of Provisions of the Revenue Act of 1951, 1951-2 C.B. 287, 309, emphasizing the words "he occupies it" (the newly constructed residence) within 18 months after the sale of his former residence. We concluded that "* * * the statute and the regulations in the light of the Congressional committee reports" require that "a new residence must be lived in or physically occupied, on or prior to the post-sale deadline date." In that case we pointed out that we recognized the equity of the taxpayers' position and their intent and diligent attempt to meet the statutory requirements for nonrecognition of the gain from the sale of their old residence. However, we expressed the view that the equities could not change the clear statutory provision where "* * * Congress, for reasons satisfactory to it, has established a fixed 18-month period within which such requirements must be met * * *." In United States v. Sheahan, 323 F. 2d 383, 387, (5th Cir. 1963), the Court quoted at length from our opinion in the John F. Bayley case, supra, and concluded, as we had, that *309 even though a taxpayer, in good faith, intended to occupy the new house as his principal residence within the time permitted by statute, the nonrecognition of gain on the sale of the old residence must be disallowed as a matter of law where he did not in fact physically occupy or live in the new residence on or before the expiration of the period provided in the statute. In Nelson C. Elam, 58 T.C. 238 (1972), affd. per curiam 477 F. 2d 1333 (6th Cir. 1973), we held that a taxpayer who sold his old residence with the intention of completing construction of a new residence within the 18-month period, but in fact within that period only completed the guest house on the new property, was entitled to defer gain on the old residence only to the extent of the cost of the guest house which was actually occupied within the 18-month period. In that case we stated at 240: Section 1034 manifestly is not designed to require the offsetting of the adjusted sales price of the old residence by the construction costs of the new residence regardless of the time incurred, which could be perhaps several years after the date of sale. Rather, the plan of the statute is to *310 accord tax deferral only if the proceeds of sale can be reinvested in the new residence within a relatively short period of time--generally 1 year. Congress has provided an additional 6-month grace period if the taxpayer builds or reconstructs the new residence. The cases further tell us that the event we are to look for during the relevant period is the placing of the new residence into use as a residence. John F. Bayley, 35 T.C. 288, 295 (1960); United States v. Sheahan, 323 F. 2d 383 (C.A. 5, 1963); William C. Stolk, 40 T.C. 345 (1963), affirmed per curiam 326 F. 2d 760 (C.A. 2, 1964). The statute provides the additional precision that if more than one residence is purchased, the one last used as a principal residence during the period is deemed the statutory new residence. Sec. 1034(c)(4) and (5). The facts reveal that petitioners were using the guesthouse as a residence by February 1967. Whether or not the main house would have constituted a second principal residence had it been completed and occupied by that date is a question we do not have to decide today. Petitioners here contend that there is greater *311 equity in their position than existed in the cases we have previously decided since the Stop Order put on their construction work by an agency of the Commonwealth of Massachusetts was an act beyond their control. This interference with construction, though different in nature from bad weather or illness of the taxpayer commencing immediately after the sale of the old residence, is no more beyond the control of the taxpayer than are these other occurrences. As we pointed out in John F. Bayley, supra, and the Circuit Court pointed out in United States v. Sheahan, supra, the statute is clear and must control even though a taxpayer has made a good faith attempt to comply with its terms but failed. Petitioners finally argue that the fact that section 1034(c) was amended by P.L. 94-12, section 207(a) and (b), to substitute in section 1034(c)(5) "2 years" for "18 months" indicates that Congress considered 18 months too short a period to require completion of construction of the new residence. However, as petitioners recognize this change is effective only for residences sold or exchanged after December 31, 1974, in taxable years ending after that *312 date. Had Congress considered the 18-month period provided in section 1034(c)(5) too short a period for years prior to the calendar year 1975, it could have made the change in the provision retroactive. It did not do so. As the Court pointed out in the Sheahan case, supra at 385, whether the purpose of a tax statute is remedial or punitive, "the words of the statute must be given their ordinary meaning and they must be construed in harmony with the statute as an organic whole." Since in section 1034 the word "use" of a property as a principal residence means living in or occupying the residence, a taxpayer who does not actually live in or occupy the new residence within the period of time provided in the statute applicable to the year involved in his case is not entitled to nonrecognition of gain on the sale of his old residence under section 1034. Because of stipulated adjustments, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. This amount of gain on the sale of the old residence which respondent determined might not be deferred was computed after allowing petitioners to defer the amount applicable to the residence they had purchased on Blackberry Lane in Hyannis, Massachusetts and moved into on March 24, 1972.↩
3. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. ↩
4. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. * * *
(c) Rules for Application of Section.--For purposes of this section: * * *
(5) In the case of a new residence the construction of which was commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence, the period specified in subsection (a), * * * shall be treated as including a period of 18 months beginning with the date of the sale of the old residence.↩