HELEN M. WELCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ANDREW J. MARINKO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Welch v. Commissioner
Docket Nos. 8066-75, 8067-75.
United States Tax Court
T.C. Memo 1979-9; 1979 Tax Ct. Memo LEXIS 516; 38 T.C.M. (CCH) 26; T.C.M. (RIA) 79009; January 4, 1979, Filed *516 Held, petitioners not entitled to the benefits of sec. 1034, I.R.C. 1954, and Marinko not entitled to the benefit of sec. 121, I.R.C. 1954. Steven Bernard Szarke, for petitioner in docket No. 8067-75 and Helen M. Welch, pro se in docket No. 8066-75. Dale L. Newland, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax: [1] Docket No.
Year
Deficiency
8066-75
1972
$ 5,516.00
8067-75
1972
5,583.00
*517 The two issues are whether petitioners are entitled to defer recognition of the gain realized on the sale of their jointly owned residence under section 1034(a)[2] and, if not, whether petitioner in docket No. 8067-75, Andrew J. Marinko, is entitled to exclude part of the gain so recognized from gross income under section 121. FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioners Welch and Marinko resided in Buffalo, Minnesota, when they filed their petitions in this case and in Minnetonka, Minnesota, when they filed their 1972 Federal income tax returns with the Ogden Service Center, Ogden, Utah. In 1965, petitioners acquired a joint interest in real property located in Minneapolis, Minnesota, which became their residence. On September 11, 1972, the property was sold and on November 15, 1972, petitioners abandoned their former residence to locate in leased premises. On August 3, 1973, petitioners purchased land and contracted for the construction of a replacement residence to be completed on or before March 11, 1974. Petitioners were unable to move into *518 their new residence prior to May 13, 1974, however, due to various reasons including illness and construction delays. As a result, they remained in their leased premises until that time. Petitioners failed to report any gain on the 1972 sale of their jointly owned residence. Respondent determined that each petitioner should have included in gross income one-half of the realized gain on the sale. OPINION We must first determine whether petitioners must include the gain on the 1972 sale of their personal residence in gross income. If so, we must next determine whether petitioner Marinko is entitled to exclude from gross income part or all of the gain so recognized under the provisions of section 121. The resolution of the first issue depends upon whether petitioners' realized gain on the 1972 sale is entitled to the nonrecognition provisions of section 1034. Respondent contends section 1034(a) does not apply to petitioners' gain since the new residence was not used by petitioners as their principal residence within the 18-month period specified in sections 1034(a) and 1034(c)(5). Petitioners contend the 18-month rule should be flexible to accommodate delays beyond their *519 control. We agree with respondent. Sections 1034(a) and 1034(c)(5) provided in relevant part that if the taxpayer used a newly constructed residence as his principal residence within 18 months from the date of the sale of the old residence, gain would be recognized only to the extent the adjusted sales price of the old residence exceeded the taxpayer's cost of constructing the new residence. Petitioners sold their old residence on September 11, 1972, but did not occupy their replacement residence until May 13, 1974, a period exceeding 20 calendar months. Their argument that the 18-month rule should not strictly apply when they were prevented from assuming occupancy by factors beyond their control is without merit. We have held in the past that physical occupancy within the period fixed by the statute is a requirement for obtaining the benefits of section 1034, notwithstanding the good intentions of the taxpayer. Bayley v. Commissioner,35 T.C. 288, 295-297 (1960); Elam v. Commissioner 58 T.C. 238, 240 (1972), affd. per curiam 477 F. 2d 1333 (6th Cir. 1973). Similarly, we find petitioners' argument without merit that Congress *520 considered 18 months too short a period to construct a new residence since the statute was subsequently amended to provide for a 2-year period. The statutory change is effective only for residences sold or exchanged after December 31, 1974, and the amendment was not retroactive. [3] Accordingly, we find that petitioners' gain realized on the 1972 sale of their personal residence is not available for the nonrecognition provisions of section 1034(a). Having so determined, petitioner Marinko argues he should be allowed the benefits of section 121 which operates to exclude part or all the gain realized on the sale or exchange of a principal residence. Respondent, relying upon section 121(c) and section 1.121-4(b), Income Tax Regs., argues that petitioner Marinko is not entitled to the benefits of section 121 since he did not properly invoke the application of the section through a signed statement. We agree with respondent. Section 121(c) provides that an election under the section shall be made in such manner as the Secretary *521 shall prescribe by regulation. Section 1.121-4(b), Income Tax Regs., elaborately sets out the form and content of the signed statement necessary to elect the provisions of the statute. Petitioner Marinko has never filed any signed statement which could be interpreted as satisfying the regulation. As a result, we find that he is not entitled to the benefits of section 121. We have considered petitioners' other arguments and find them unpersuasive. Accordingly, we find petitioners must both include in their 1972 gross income their respective share of the gain on the sale of their jointly owned residence. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. These cases were consolidated for trial, briefing and opinion.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. See Gelinas v. Commissioner,T.C. Memo. 1976-103↩, affd. by unpublished order (1st Cir. January 3, 1978), addressing this precise issue.