HARRY and MARTHA B. LOKAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lokan v. Commissioner
Docket No. 7102-78.
United States Tax Court
T.C. Memo 1979-380; 1979 Tax Ct. Memo LEXIS 148; 39 T.C.M. (CCH) 168; T.C.M. (RIA) 79380; September 17, 1979, Filed Harry Lokan, pro se Avery Cousins, III, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1973 and 1974 in the amounts of $2,387.54 and $71.90, respectively, and an addition to tax under section 6653(a), I.R.C. 1954, [1] for the year 1973 in the amount of $119.38. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving *149 for our decision the following: (1) Was a new home, constructed by petitioners during the years 1973 through 1976, used by them as their principal residence within a period of 18 months from the date of sale of their old residence so as to entitle them to the benefit of the nonrecognition of gain provisions of section 1034 with respect to the gain realized on the sale of their old residence. (2) If the house constructed by petitioners was not used by them as their principal residence within the 18-month period so as to entitle them to the nonrecognition provisions of section 1034 with respect to the cost of that house, should the cost to petitioners of a trailer purchased by them within one year after the sale of their old residence, which respondent concedes was a new principal residence of petitioners', include the entire seven and one-half acres of land purchased by petitioners or only the one and one-half acres that were not used by them in a farming operation. [2]
*150 FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in New Port Richey, Florida, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1973 with the Internal Revenue Service, Southeast Region, Chamblee, Georgia. In April 1973 petitioners were living in a residence they owned in Clearwater, Florida. They took out a first mortgage on this residence and with the proceeds purchased seven and one-half acres of land in the New Port Richey, Florida, area for $20,500 (approximately $2,733 per acre). In May 1973 petitioners began construction of a new home on this land in the New Port Richey area. In November 1973 petitioners sold their then personal residence in Clearwater, Florida, for $48,500.Petitioners incurred $4,034 of expenses in connection with the sale of their Clearwater residence. Their adjusted basis in this residence was $24,778, so that petitioners realized a net gain on the sale of the old residence of $19,688. Petitioners were required to vacate their Clearwater home in December 1973. At that time they purchased a house *151 trailer for $2,109 which they situated on the land they had purchased in New Port Richey very close to the new house which was under construction. In December petitioners moved from their home in Clearwater to New Port Richey and moved into the house trailer. Petitioners incurred other expenses of $2,636 with respect to the house trailer situated on the New Port Richey property so that their total cost with respect to the trailer, aside from land, cost when they moved into it was $4,745. At the time petitioners moved into the house trailer on the New Port Richey property, they had four children.Although petitioners had been working on the new home, it was far from completed. They promptly completed one of the upstairs bedrooms in the new home and a downstairs bath so that three of their children could sleep in the new residence while the remainder of the family slept in the trailer. Three of petitioners' children moved into the unfinished residence in New Port Richey at the time the family moved to New Port Richey and petitioners and the other child moved into the house trailer. The kitchen and dining room facilities of the trailer were used by the entire family for family meals. *152 After approximately one month, one of petitioners' children who was living in the house moved back to the Clearwater area. About six months later, another one of the children moved out of the unfinished house and moved back to the Clearwater area. Petitioners' youngest son, Mark Lokan, lived in the new house which was under construction from December 1973 until the house was substantially completed in September 1976. Petitioners and their daughter occupied the house trailer right next to the new residence until the downstairs of the new residence was completed in September 1976 and the balance was sufficiently completed for petitioners to move into it and live there. Petitioners and the daughter who had also occupied the house trailer as sleeping quarters moved into the new house in September 1976. By early 1974 petitioners had partially installed electricity, heat, lights and water in their new residence in New Port Richey. Appliances were also installed in early 1974 and the kitchen was completed by September 1976. Petitioners did all electric and plumbing work on their new residence in New Port Richey themselves. In 1974 and 1975 petitioners used six acres of their *153 land in the New Port Richey area in the business of farming.Their farming business consisted primarily of raising cattle. Petitioners on their 1974 and 1975 joint Federal income tax returns showed the use of these six scres of property for the business of farming. Petitioners on their 1973 joint Federal income tax return reported no reaized gain from the sale of their Clearwater residence in November 1973. Respondent in his notice of deficiency determined that petitioners had a long-term capital gain on the sale of their Clearwater residence in 1973 in the amount of $19,688 of which $9,844 was taxable, and increased petitioners' reported income for the year 1973 by the amont of this $9,844. In explaining the adjustment, respondent stated that petitioners did not meet the requirements of section 1034 for nonrecognition of gain on the sale of their personal residence. OPINION Section 1034, as applicable to the year 1973, provides that if property used by a taxpayer as his principal residence (old residence) is sold by him and within a period beginning one year before the date of such sale and ending one year after such date property is purchased and used by the taxpayer as his *154 principal residence (new residence), gain from the sale of the old residence shall be recognized only to the extent that the taxpayer's adjusted sales price of the old residence exceeds the taxpayer's cost of purchasing the new residence. The section further provides (section 1034(c)(5)) that where construction of a new residence is commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence, the section will apply if the new residence is occupied within a period of 18 months after the date of the sale of the old residence. [3]
*155 Petitioners here have shown a sale of their old residence and the commencement of construction of a new residence within a period of one year after the sale of the old residence. However, in order to meet the requirements of section 1034 they must also show that they occupied the new residence as their principal residence within a period of 18 months following the sale of their old residence. Petitioners' old residence was sold in November 1973; therefore, this 18-month period would expire in May 1974. The record here is clear that petitioners themselves had not in any way occupied the new house which was under construction during this period and, in fact, did not occupy it until September 1976. Petitioners argue that because they were building the house themselves they could not occupy it until September 1976 since the house was not sufficiently completed, but that they did the next best thing by getting a trailer which they placed adjacent to the house, occupying the trailer with one of their children and moving three of their children into the house while it was under construction. Petitioners argue that for this reason the trailer should not be considered as a separate home *156 but a part of the new home they were building, and therefore they should be considered as occupying their new residence as a principal residence within the required period. It is clear from the record, however, that neither petitioner lived in the building which was to be the new residence within the required time and that the trailer, though near to the new home, was a separate abode from the new home and that it was the trailer which was petitioners' principal residence until September 1976. As was pointed out in Bayley v. Commissioner,35 T.C. 288, 295 (1960), the use in the statute of the phrase "used by the [taxpayers] as * * * [their] principal residence," with respect to a new residence means the physical occupancy of that residence by the owners. In other words, it means that the owners, who here are petitioners, must live in that new residence. In the Bayley case we discussed at some length the legislative history of section 1034 and the reason for our conclusion that "used as a principal residence" meant physical occupancy. Our holding in the Bayley case has been consistently followed by this Court and other courts. In Elam v. Commissioner,58 T.C. 238 (1972), *157 affd. per curiam 477 F.2d 1333 (6th Cir. 1973), we held that where taxpayers purchased property on which they erected a guest house into which they moved within the period required by section1034 for occupying a new residence and commenced construction of a main house, which they did not occupy within that period, they had not used the main house as a principal residence within the required period, and therefore only the guest house might be considered as the taxpayers' new residence in determining the amount of gain which should be reported on the sale of the old residence. Respondent here has conceded that the trailer was a new residence for petitioners which was occupied by them as their principal residence within the required period. In United States v. Sheahan,323 F.2d 383 (5th Cir. 1963), the Court held that even though the taxpayers' daughter had spent some time in the new house within the required period, even having her lunches there occasionally, the taxpayers had not occupied the new residence as their principal residence within the required period. A strict construction of the requirements of section 1034, regardless of the good faith *158 or intent of the taxpayers, as set forth in the Bayley,Elam and Sheahan cases has been consistently followed by this Court. We, therefore, conclude that petitioners did not occupy the new house they were constructing at New Port Richey as a principal residence within the period of 18 months following the sale of their old residence. Therefore, the provisions of section 1034 are not applicable with respect to this residence. Respondent recognizes that the trailer was a new principal residence of petitioners' and the only issue with respect to the proper adjustment under section 1034 with respect to the trailer is whether the cost of the entire seven and one-half acres of land purchased by petitioners should be considered as a part of the cost of the new trailer principal residence or only the one and one-half acres of that property not used by petitioners in their business of farming during 1974 and 1975. Section 1.1034-1(c)(3)(ii), Income Tax Regs., provides in part as follows: If the new residence is used only partially for residential purposes only so much of its cost as is allocable to the residential portion may be counted as the cost of purchasing the new *159 residence. Here, the record shows that petitioners used six acres of the land acquired in New Port Richey in their business of farming. Where property is used both as a taxpayer's residence and as a farm, the cost of the portion of the land properly allocable as a part of the residence is considered to be part of the cost of the residence and the cost of the balance of the land is considered to be a part of the property nt used as a residence. See Spivey v. Commissioner,40 T.C. 1051, 1053 (1963). We, therefore, conclude on the basis of this record that only one and one-half acres of the property acquired by petitioners is properly to be considered as a part of their trailer residence in computing the portion of the gain on the sale of their old residence which is subject to nonrecognition under section 1034. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. At the trial, the question arose as to why petitioners were not entitled to use of the installment method provided by sec. 453 in reporting income with respect to the sale of their old residence if respondent is sustained in his position that petitioners did not use the home they constructed in New Port Richey as a principal residence within the period of 18 months from the sale of the old residence and for this reason were not entitled to use of the provisions of sec. 1034 with respect to the new house. The parties agreed to discuss this matter and petitioners were granted leave to file an amended petition claiming use of the installment method. The parties filed a supplemental stipulation of facts incorporating petitioners' pleading and the facts necessary to a computation under sec. 453. On brief, respondent conceded petitioners' right to use of the installment method and stated that the stipulated facts were sufficient for a computation on that basis and would be advantageous to petitioners. Because of respondent's concession in this respect, no issue is in this case in this regard, but the matter can be handled in a recomputation under Rule 155.↩
3. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. * * *
(c) Rules for Application of Section.--For purposes of this section: * * *
(5) In the case of a new residence the construction of which was commenced by the taxpayer before the expiration of one year after the date of sale of the old residence, the period specified in subsection (a), and the 1 year referred to in paragraph (4) of this subsection, shall be treated as including a period of 18 months beginning with the date of the sale of the old residence.↩