COPP COLLINS AND FRANCES T. COLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 1591-78.
United States Tax Court
T.C. Memo 1979-516; 1979 Tax Ct. Memo LEXIS 8; 39 T.C.M. (CCH) 783; T.C.M. (RIA) 79516; December 27, 1979, Filed *8 Petitioners sold their principal residence and excluded the gain thereon from income under sec. 1034, I.R.C. 1954. While petitioners failed to meet the time requirements of sec. 1034, they argued that they should be execused from these time limits due to difficulties not of their making that they encountered in beginning construction of and occupying their new principal residence. In the alternative, they argued that their gain should be long-term capital gain because they had had an option to purchase their former principal residence for over six months before they sold that house although they exercised this option less than six months before they sold the house. Held: Sec. 1034 must be strictly construed and petitioners' construction problems cannot exempt them from the statute's clear requirements. Held further: Holding period for property does not begin to run until it is actually purchased or otherwise acquired. It does not include the period during which the property could have been acquired under an option to purchase. Copp Collins, pro se. Jerome D. Sekula, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated November 16, 1977, respondent determined a deficiency in income taxes paid by petitioners for their taxable year ended December 31, 1973 in the amount of $1,997.45. The only issue for our decision is whether petitioners are entitled to the protection of section 1034, I.R.C. 1954, on the sale of their home in 1973. If we should find *10 that section 1034 does not apply, then we must determine the nature, as short term or long term, of the capital gain generated by the sale. [1]
FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts and supplemental stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners Copp and Frances T. Collins, husband and wife, resided in Great Falls, Virginia at the time they filed their petition. Petitioners' 1973 calendar year cash basis joint Federal income tax return was timely filed with the Internal Revenue Service's Memphis Service Center. Petitioners filed an amended return with respect to their 1973 taxable year on July 8, 1976. Attached to this amended return as a Form 2119, Sale or Exchange of Personal Residence. On this Form 2119 petitioners indicated that they had sold their former residence on May 31, 1973, that they had started to construct their new residence on July 29, 1974, and that they had occupied their new residence on May 15, 1975. Also *11 attached to their amended return was a letter detailing the many problems petitioners had encountered in building their new residence which had caused them to fail to meet the time requirements of section 1034. As Frances T. Collins is a party hereto only by virtue of having filed jointly with her husband, "petitioner" as used herein shall refer solely to Copp Collins. Prior to June 1971, petitioner resided in the Washington, D.C. area. In June 1971, petitioner was appointed assistant to the Secretary of the Inteior and field representative for the United States Department of Interior in the Southwest region. He was stationed in Albuquerque, New Mexico. Petitioner moved to Albuquerque in the summer of 1971. Starting in September of 1971 petitioner occupied a house on Eakes Road in Albuquerque (former residence) as his principal residence. Petitioner resided in this house and used it as his principal residence until June of 1973. From October 14, 1971 until March 30, 1973 petitioner occupied his former residence under a lease with an option to purchase granted by Ernest and Henrietta Gurule, the owners of the house. While the Gurules had executed this lease/option agreement *12 on October 14, 1971, petitioner did not execute the lease/option agreement until November 11, 1972 when he signed an identical, but separate, copy of the agreement aleady signed by the Gurules. Petitioner purchased his former residence on March 30, 1973. Petitioner sold his former residence on May 31, 1973. In June of 1973 petitioner moved from his former residence to the metropolitan Washington, D.C. area.
We have found that petitioner began construction of his new residence on July 29, 1974. Petitioner moved into this new house on May 15, 1975. Construction of petitioner's new principal residence was completed in August of 1975. On or about the May 31, 1973 settlement date for petitioner's sale of the Eakes Road house, petitioner received reimbursement from the American Savings and Loan Association, Albuquerque for 5 months of previously escrowed real estate taxes. This reimbursement represented 3 months of escrowed real estate taxes paid by petitioner and 2 months paid by the Gurules. For his taxable year 1973 petitioner did not include in income any of the gain he realized on the sale of his former residence. In his notice of deficiency respondent included short-term *13 capital gain of $8,376.19 in petitioner's 1973 income in respect of his sale of his former residence. The parties have stipulated that, if section 1034 does not apply to petitioner's sale of his former residence, respondent's computation of the amount of gain set forth in his notice of deficiency is correct. OPINION The primary issue before us is whether petitioner is entitled to the benefits of the non-recognition provisions of section 1034 on his sale of the Eakes Road house. As it stood during the taxable year in issue section 1034 provided in relevant part as follows: SEC. 1034. SALE OR EXCHANGE OF RESIDENCE (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's *14 cost of purchasing the new residence. * * *
(c) Rules for Application of Section.--For purposes of this section: * * *
(5) In the case of a new residence the construction of which was commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence, the period specified in subsection (a), * * * shall be treated as including a period of 18 months beginning with the date of the sale of the old residence.
The regulations as they stood during the taxable year in issue provided in relevant part as follows: SEC. 1.1034-1. Sale or exchange of residence.--(a) Nonrecognition of gain; general statement. Section 1034 provides rules for the nonrecognition of gain in certain cases where a taxpayer sells one residence after December 31, 1953, and buys or builds, and uses as his principal residence, another residence within specific time limits before or after such sale. * * * * * *
(c) Rules for application of section 1034.--(1) General Rule; limitations on applicability. Gain realized from the sale (after December 31, 1953) of an old residence will be recognized only to the extent that the taxpayer's adjusted sales price of *15 the old residence exceeds the taxpayder's cost of purchasing the new residence, provided that the taxpayer * * * (ii) within a period beginning one year before the date of such sale and ending 18 months after such date uses as his principal residence a new residence the construction of which was commenced by him at any time before the expiration of one year after the date of the sale of the old residence * * *. Whether construction of a new residence was commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence will depend upon the facts and circumstances of each case. * * * Respondent argues that the stipulated facts show that petitioner simply did not comply with the statute's time limits. Petitioner admits that he failed to comply with the statute's time limits but argues that extenuating circumstances should exculpate his failure. While we sympathize with petitioner's predicament, we must hold for respondent. The law applicable to the taxable year before us is clear. Construction of the new principal residence had to commence before the expiration of 1 year after the date of sale of the old residence. The parties hereto *16 have stipulated that petitioner sold his former residence at Eakes Road on May 31, 1973. Construction of petitioner's new principal residence did not commence, however, until July 29, 1974. This is over 1 year from the sale date. Further, petitioner was obligated to "use" his new house as his principal residence within 18 months of the former property's sale date. Petitioner has conceded that he did not move into his new home until May of 1975. Thus petitioner failed, and has conceded that he failed, to meet the 18-months requirement of the statute. The stipulated facts compel but one conclusion: that petitioner has filed to fulfill the requirements set by Congress for obtaining the benefits of section 1034. No provision is made in the statute for extenuating circumstances. The statute must be strictly construed and applied. Elam v. Commissioner, 477 F.2d 1333, 1335 (6th Cir. 1973), affg. per curiam 58 T.C. 238 (1972). The statute's plan is to allow taxpayers to roll over gain on the sale of a principal residence only if the sale proceeds are reinvested within a relatively short span of time in a new principal residence. We do not have the *17 power to move a line Congress has drawn. We hold for respondent on this issue. Next we must decide the short-term or long-term nature of petitioner's gain on this sale of his former residence. In 1973 section 1222 defined long-term capital gain as gain from the sale or exchange of a capital asset held for more than 6 months. Section 1222(3). Short-term capital gain was defined as gain from the sale or exchange of a capital asset held for not more than 6 months. Section 1222(1). Petitioner argues that, while he actually purchased and sold the Eakes Road house within approximately 2 months, we should treat him as if he were the house's owner when he first moved into it under the lease option. Petitioner points out that the lease/option contract provided that all his rental payments would be applied to the sales price of the house should he decide to buy and argues that, as he could have exercised his option on the house at any time, we should treat him as if he had exercised it at the earliest possible date. Clearly an option to purchase property is not itself a purchase of the property. Molbreak v. Commissioner, 61 T.C. 382, 391 (1973), affd. per curiam *18 509 F.2d 616 (7th Cir. 1975). When the Gurules granted petitioner an option, they merely agreed to hold open their offer to sell. They did not actually sell the house. Accordingly, until petitioner purchased the house, he could not sell or exchange it. When he did sell it, he did so afte less than 6 months of ownership. Petitioner's gain on the sale was short-term capital gain. Decision will be entered for the Respondent. Footnotes
1. We note that our decision herein will automatically affect petitioners' claimed general sales tax deduction.↩