EDWARD HAYDIN, JR., AND SHARON HAYDIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haydin v. Commissioner
Docket No. 17204-82.
United States Tax Court
T.C. Memo 1983-518; 1983 Tax Ct. Memo LEXIS 265; 46 T.C.M. (CCH) 1193; T.C.M. (RIA) 83518; August 24, 1983. Edward Haydin, Jr., pro se. Edward J. Roepsch, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial JudgeJames M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] as amended, under Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *266 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 in the amount of $2,226. The agreement of the parties with respect to several of the issues will be given effect in the Rule 155 computation. The remaining issue is whether the provisions of section 1034(a) are applicable to the gain realized by petitioners from the sale of their residence in 1978. All of the facts have been stipulated and they are so found. Petitioners were residents of Germantown, Wisconsin at the time their petition in this case was filed. They filed their 1978 Federal income tax return with the Internal Revenue Service Center, Kansas City, Missouri. On December 17, 1976 petitioners purchased and moved into a residence (the new residence) in Germantown, Wisconsin. They sold their old residence in Colorado on September 11, 1978 for a net sales price of $28,422, realizing a long-term capital gain of $12,580.33. [3] Respondent determined that the amount of $6,290.16 (after allowing for the section 1202 deduction) was includable in taxable income for the year 1978. *267 Section 1034(a), as applicable in the period involved, provided that if an old residence is sold by the taxpayer and a new residence is acquired within a period beginning 18 months before the date of such sale and ending 18 months after the date of the sale, any gain from the sale of the old residence shall be recognized only to the extent that the sales price of the old residence exceeds the cost of the new residence. [4] Petitioner's purchase of his new residence on December 17, 1976, which took place more than 18 months before the sale of the old residence on September 11, 1978, clearly falls outside the statutory period. It is immaterial that petitioners made a good-faith, conscientious effort to make a timely sale of their old residence. The statute simply does not turn upon such considerations. We have no authority to expand the precise time limits set forth in the statute as a prerequisite to the nonrecognition of gain. The Courts have insisted upon strict compliance with such statutory provisions. Kern v. Granquist,291 F.2d 29 (9th Cir. 1961); Elam v. Commissioner,58 T.C. 238 (1972), affd. per curiam 477 F.2d 1333 (6th Cir. 1973); *268 Bayley v. Commissioner,35 T.C. 288 (1960). [5] Congress carefully circumscribed the conditions under which the tax relief under section 1034 is available. Here, petitioner has unfortunately failed to meet such conditions. We must therefore on the basis of this record sustain the respondent. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based upon the authority of the "otherwise provided" language of that rule.
3. The "adjusted sales price" of the old residence did not exceed the cost of the new residence.↩
4. Sec. 1034(a) provided as follows: SEC. 1034. SALE OF RESIDENCE. (a) Nonrecognition of Gain - If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 18 months before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.↩
5. Chavez v. Commissioner,T.C. Memo. 1983-199↩.