T.C. Summary Opinion 2001-16

UNITED STATES TAX COURT

SEAN J. SWARTHOUT AND MICHELL L. SWARTHOUT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15245-99S.          Filed February 20, 2001.

Sean J. Swarthout, pro se.

Gretchen A. Kindel, for respondent.

DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $8,809 for the taxable year 1995.

The issue for decision is whether petitioners are required to include in income capital gain realized from the sale of their personal residence.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.

On October 30, 1995, petitioners sold their residence on Pod Drive in Vista, California (Pod residence), for $310,000. Petitioners reported a gain of $30,282 on the sale of this residence on their 1995 joint Federal income tax return. However, they reported that they planned to replace the home within 2 years and therefore did not include the gain in income on the 1995 return.

On May 2, 1996, petitioners purchased a vacant lot on Robinhood Road in Vista, California (Robinhood property), for $111,000. On July 7, 1997, petitioners entered into a contract for the construction of a residence on this property. Petitioners were obligated to pay $388,987 under this contract. On August 20, 1997, petitioners borrowed $428,000 to finance the construction of the new residence.

---

[1]Adjustments made to itemized deductions claimed by petitioners are computational and will be resolved by the Court's holding on the issue in this case.

On September 29, 1997, petitioners obtained a temporary occupancy permit to live on the Robinhood property.  Beginning on October 1, 1997, during the construction of the residence, petitioners lived in a mobile home on concrete foundation pillars located on the Robinhood property.  On August 19, 1998, construction was completed.  Petitioners moved into the new residence some time after October 30, 1997.

Respondent determined that petitioners must include the gain of $30,282 from the sale of the residence in income for taxable year 1995 because petitioners did not establish that they "reinvested in a new personal residence of sufficient cost to defer gain within the time period specified in the Internal Revenue Code."

Under sections 61(a) and 1001(c), taxpayers generally must recognize in the year of sale all gain or loss realized upon the sale or exchange of property.  Section 1034(a), however, provides an exception under which, if certain requirements are met, taxpayers defer recognition of gain when sale proceeds are reinvested in a new principal residence.[2]  The section reads in pertinent part as follows:

[2]Sec. 1034 was repealed by sec. 312 of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 836, generally effective for sales and exchanges after May 6, 1997.  The sec. 1034 rollover provision was replaced by an expanded and revised sec. 121.

SEC. 1034. ROLLOVER OF GAIN ON SALE OF PRINCIPAL
RESIDENCE.

(a) Nonrecognition of Gain.--If property (in this
section called "old residence") used by the taxpayer as
his principal residence is sold by him and, within a
period beginning 2 years before the date of such sale
and ending 2 years after such date, property (in this
section called "new residence") is purchased and used
by the taxpayer as his principal residence, gain (if
any) from such sale shall be recognized only to the
extent that the taxpayer's adjusted sales price (as
defined in subsection (b)) of the old residence exceeds
the taxpayer's cost of purchasing the new residence.

        *       *       *       *       *       *       *

(c) Rules for Application of Section.--For
purposes of this section:

        *       *       *       *       *       *       *

(2) A residence any part of which was
constructed or reconstructed by the taxpayer shall
be treated as purchased by the taxpayer.  In
determining the taxpayer's cost of purchasing a
residence, there shall be included only so much of
his cost as is attributable to the acquisition,
construction, reconstruction, and improvements
made which are properly chargeable to capital
account, during the period specified in subsection
(a).

The "cost of purchasing the new residence," within the meaning of

section 1034(a), includes only those costs under section

1034(c)(2) which are attributable to the construction of a

structure which is put into use as a residence during the

relevant time period.  Elam v. Commissioner, 58 T.C. 238 (1972),

affd. 477 F.2d 1333 (6th Cir. 1973).  Thus, where taxpayers

reside on a parcel of land in a temporary dwelling during the

construction of a separate structure on the same parcel intended

to be the permanent residence, the cost of its construction cannot be taken into account under section 1034(a) unless it is put into use as a residence before the expiration of the time period. See id.; Lokan v. Commissioner, T.C. Memo. 1979-380.

It is undisputed that petitioners sold the Pod residence on October 30, 1995, but did not occupy the newly constructed residence on the Robinhood property until some time after October 30, 1997; i.e., after the expiration of the 2-year period allowed by section 1034(a). Therefore, the cost of constructing the new residence cannot be taken into account under section 1034(a). None of the arguments offered by petitioners at trial overcomes the fact that the newly constructed residence was not put into use as such within the required time frame; taxpayers must meet the strict requirements of section 1034(a) to be entitled to the nonrecognition of gain. See id.

At most, petitioners could argue that the "cost of purchasing the new residence" includes the cost of the mobile home--rather than the newly constructed residence--along with the cost of the underlying property. However, section 1034(a) does not change the requirement that gain must be recognized on the sale of the old residence to the extent that the adjusted sales price of the old residence exceeds the cost of the new residence. The sales price of the Pod residence was $310,000, while petitioners spent only $111,000 in obtaining the Robinhood

property.[3]  Thus, the full gain of $30,282 nonetheless would be required to be recognized in this situation.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3]The record does not reflect either (1) the cost of the mobile home or its foundation, or (2) that the adjusted sales price of the Pod residence, as defined in sec. 1034(b), was less than the stipulated sales price.  It is very unlikely, however, that establishing one or both of these facts would have reduced the $199,000 difference between the sales price and the purchase cost to an amount less than the amount of gain, $30,282.