**Daniel T. McCALL, Jr. and Mary McCall, Plaintiffs,**

v.

**George D. PATTERSON, District Director of Internal Revenue for the District of Alabama, Defendant.**

**Civ. A. No. 8552.**

United States District Court
N. D. Alabama, S. D.

Oct. 8, 1957.

———◆———

Pritchard, McCall & Jones, Winston B. McCall, Birmingham, Ala., for plaintiff.

John N. Stull, Acting Asst. Atty. Gen., James P. Garland and James P. Saunders, Attys., Dept. of Justice, Washington, D. C., and W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

On February 15, 1954, plaintiffs sold their old residence. On October 28, 1952, they purchased their new residence. Because of necessary renovations, they did not occupy and use their new residence as their principal residence until April 15, 1953.

Defendant added to their taxable income for the year 1954 the sum of $3,-512.35 as being the taxable gain on the sale of their old residence. A deficiency assessment of tax due in the amount of $1,000.45 followed. On May 7, 1956, plaintiffs paid the amount of such assessment and filed a timely claim for re-

fund thereof. That claim denied, this action ensued.

The pertinent statute[1] and regulations[2] are reproduced in the margin. Plaintiffs rely upon the nonrecognition provisions of Section 1034(a), Internal Revenue Code of 1954, pointing to the undisputed fact that their first use of their reconstructed new residence occurred within one year before the sale of their old residence.

This case will occupy a unique position in the annals of this court, as one wherein taxpayers were denied relief, although represented both by brother and judge.

Even a casual reading of the statute involved makes it abundantly clear that there are two conditions which must be met before a taxpayer is entitled to its benefits. First, he must purchase the new residence within one year before or after the sale of his old residence; second, he must use the new residence as his principal residence within that same period.

Plaintiffs meet only the second of these conditions. Defendant was right in refusing nonrecognition treatment of their gain. To hold otherwise would be to rewrite the statute.

Judgment will be entered for defendant.

---

1. Internal Revenue Code of 1954:

"§ 1034. Sale or exchange of residence

"(a) *Nonrecognition of Gain.*—If property (in this section called 'old residence') used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called 'new residence') is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. * * . * "

26 U.S.C., 1952 ed., Supp. 11, Sec. 1034.

2. Income Tax Regulations (1954 Code):

"Sec. 1.1034–1—*Sale or exchange of residence.*

*       *       *       *       *

"(c) *Rules for application of section 1034*—

"(1) *General rule; limitations on applicability.*—

"Gain realized from the sale (after December 31, 1953) of an old residence will be recognized only to the extent that the taxpayer's adjusted sales price of the old residence exceeds the taxpayer's cost of purchasing the new residence, provid-

ed that the taxpayer either (i) within a period beginning one year before the date of such sale and ending one year after such date purchases property and uses it as his principal residence, or (ii) within a period beginning one year before the date of such sale and ending 18 months after such date uses as his principal residence a new residence the construction of which was commenced by him at any time before the expiration of one year after the date of the sale of the old residence (section 1034(a) and (c) (5); for detailed explanation of use as 'principal residence' see § 1.1034–(c) (3) ). The rule stated in the preceding sentence applies to a new residence purchased by the taxpayer before the date of sale of the old residence provided the new residence is still owned by him on such date (section 1034(c) (3) ). Whether the construction of a new residence was commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence will depend upon the facts and circumstances of each case. Section 1034 is not applicable to the sale of a residence if within the previous year the taxpayer made another sale of residential property on which gain was realized but not recognized (section 1034(d)). For further details concerning limitations on the application of section 1034, see § 1.1034–1(d)."