CHARLES M. SHAW AND JOYCE J. SHAW, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5654–76.    Filed March 30, 1978.

---

Charles M. Shaw, pro se.
*James C. Lanning,* for the respondent.

### OPINION

SIMPSON, *Judge:* The Commissioner determined a deficiency of $10,260.20 in the petitioners' Federal income tax for 1973. The only issue to be decided is whether the fair market value of the petitioners' new principal residence which was acquired more than 1 year prior to the sale of their old principal residence can be included in "the cost of purchasing the new residence," within the meaning of section 1034 of the Internal Revenue Code of 1954.[1]

All of the facts have been stipulated, and those facts are so found.

The petitioners, Charles M. Shaw and Joyce J. Shaw, husband and wife, maintained their legal residence in Pacific, Mo., at the time they timely filed their petition in this case. They filed their joint Federal income tax return for 1973 with the Internal Revenue Service Center, Kansas City, Mo.

Before March 1, 1973, the petitioners' principal residence was at 26 Portland Drive, Frontenac, Mo. (old residence). On such date, they sold such residence for $145,000 and incurred selling expenses of $8,702.25.

Thereafter, they moved to their property known as Fox Creek Ranch (new residence) and used it as their principal residence. They had acquired the new residence on November 15, 1963. Between March 1, 1972, and March 1, 1974, they spent $98,791.29 altering, adding to, and reconstructing the new residence, all of which was chargeable to capital account. On September 20, 1973, a qualified appraiser of property in St. Louis County, Mo., valued the new residence at $182,000, of which $100,000 represented the value of the land and the remainder represented the value of improvements thereon.

On their 1973 Federal income tax return, the petitioners did not report any gain from the sale of the old residence. In his notice of deficiency, the Commissioner determined that the

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue.

petitioners' gain on the sale of the old residence should be recognized to the extent that the adjusted sales price of such residence exceeded the cost of purchasing the new residence. For this purpose, he determined that the cost of purchasing the new residence included only the costs of reconstructing the property which were paid between March 1, 1972, and March 1, 1974.

Section 1034 was designed to mitigate the financial burden associated with taxing the gain on the sale of a taxpayer's principal residence by deferring recognition of the gain where the taxpayer, for one reason or another, sells his principal residence and in effect uses the proceeds of such sale to acquire another principal residence within a relatively short period of time. H. Rept. 586, 82d Cong., 1st Sess. (1951), 1951–2 C.B. 357, 378, 435–439; S. Rept. 781, 82d Cong., 1st Sess. (1951), 1951–2 C.B. 458, 482–483; S. Rept. 781 (Part 2), 82d Cong., 1st Sess. (1951), 1951–2 C.B. 545, 566–570; Conf. Rept. 1213, 82d Cong., 1st Sess. (1951), 1951–2 C.B. 622, 629;[2] see H. Rept. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., 79, A269 (1954); S. Rept. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 109, 427 (1954). Accordingly, section 1034(a) provides generally that if a taxpayer's principal residence (old residence) is sold, and within 1 year before or after such sale, other property is purchased and used by the taxpayer as his principal residence (new residence), then the gain recognized on the sale of the old residence shall be limited to the lesser of the gain realized on such sale or the amount by which the adjusted sales price of the old residence exceeds the cost of purchasing the new residence. Sec. 1.1034–1(a), Income Tax Regs.; H. Rept. 586, at 377, 435–436; S. Rept. 781, at 482; S. Rept. 781 (Part 2), at 566; *Elam v. Commissioner*, 58 T.C. 238, 240 (1972), affd. per curiam 477 F.2d 1333 (6th Cir. 1973). The parties do not dispute that the petitioners' old residence was sold, when it was sold, the selling price, the gain realized on the sale, and the adjusted sales price. However, they do dispute the petitioners' "cost of purchasing the new residence." The petitioners argue that such cost includes the fair market value of the new residence just prior to its reconstruction and use as their principal residence and the amounts paid for reconstruction of such residence between

---

[2]All references to H. Rept. 586, S. Rept. 781, S. Rept. 781 (Part 2), and Conf. Rept. 1213 are to the pages in the Cumulative Bulletin where such reports are published.

March 1, 1972, and March 1, 1974. The Commissioner, on the other hand, argues that the petitioners' cost of purchasing the new residence includes only the costs of reconstructing it because only those costs were paid within 1 year before or after the sale of the old residence.

Section 1034(c)(2) provides:

(2) A residence any part of which was constructed or reconstructed by the taxpayer shall be treated as purchased by the taxpayer. In determining the taxpayer's cost of purchasing a residence, there shall be included only so much of his cost as is attributable to the acquisition, construction, reconstruction, and improvements made which are properly chargeable to capital account, during the period specified in subsection (a).

The relevant Treasury regulations provide:

Sec. 1.1034–1 Sale or exchange of residence.
  (b) Definitions. * * *
  (7) "Cost of purchasing the new residence" means the total of all amounts which are attributable to the acquisition, construction, reconstruction, and improvements constituting capital expenditures, made during the period beginning * * * one year in the case of a sale of an old residence prior to January 1, 1975 * * * before the date of sale of the old residence and ending * * * one year in the case of a sale of an old residence prior to January 1, 1975 * * * after such date in the case of a new residence purchased but not constructed by the taxpayer * * *

        *       *       *       *       *       *       *

  (9) "Purchase" (of a residence) means a purchase or an acquisition (of a residence) * * * or the partial or total construction or reconstruction (of a residence) by the taxpayer * * *. However, the mere improvement of a residence, not amounting to reconstruction, does not constitute "purchase" of a residence.
  (c) Rules for application of section 1034 * * *
  (4) Cost of purchasing new residence. * * *
  (ii) The taxpayer's cost of purchasing the new residence includes only so much of such cost as is attributable to acquisition, construction, reconstruction, or improvements made within the period of * * * two years or 30 months in the case of a sale of an old residence prior to January 1, 1975 * * * in which the purchase and use of the new residence must be made in order to have gain on the sale of the old residence not recognized under this section. Thus, if the construction of the new residence is begun three years before the date of sale of the old residence and completed on the date of sale of the old residence, only that portion of the cost which is attributable to the last * * * year in the case of a sale of an old residence prior to January 1, 1975 * * * of such construction constitutes the taxpayer's cost of purchasing the new residence, for purposes of section 1034. * * *

Under the statute and regulations, it is clear that only the

costs paid by the petitioners within 1 year before or after the sale of their old residence are to be treated as the cost of purchasing the new residence for purposes of section 1034. By enacting section 1034, Congress allowed taxpayers who were selling one residence and acquiring another to defer recognition of any gain realized on the sale of the old residence, but Congress circumscribed the conditions under which such tax relief is available. It applies only to the sale and purchase of principal residences, and the sale and purchase must both take place within a relatively short period of time. Moreover, not all costs of purchasing the new residence may be taken into consideration; only those paid within that relatively short period of time may be included.

The limitations of section 1034 have been challenged before, and each time the courts have recognized and given effect to them. See, e.g., *United States v. Sheahan*, 323 F.2d 383 (5th Cir. 1963); *Kern v. Granquist*, 291 F.2d 29 (9th Cir. 1961); *Elam v. Commissioner, supra; O'Barr v. Commissioner*, 44 T.C. 501 (1965); *Bayley v. Commissioner*, 35 T.C. 288, 294–297 (1960); *McCall v. Patterson*, 155 F. Supp. 405 (N.D. Ala. 1957). For example, in *Kern v. Granquist, supra,* the court recognized that by applying the time limitations of section 1034, the result appeared to be harsh; nevertheless, after examining the statute, regulations, and legislative history, the court concluded that it was constrained to hold that costs paid after the described period could not be included. Similarly, in *McCall v. Patterson, supra,* the court held that the amount paid for the purchase of property before the beginning of the described period could not be included in applying section 1034. To be entitled to the benefit of section 1034, the petitioners have the burden of proving that they have satisfied its requirements. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Here, we do not know how they acquired their new residence, but they offered no evidence showing that they paid anything to acquire it during the period described in section 1034. Accordingly, we hold that the cost of purchasing the new residence includes only those costs of reconstruction paid between March 1, 1972, and March 1, 1974.

The petitioners attempt to avoid the time limitations by arguing that they did not "acquire" their new residence within the meaning of section 1034 until 1973 when they commenced

using it as their principal residence and that, therefore, its value at such time should be included in the cost of purchasing it. They maintain that they acted in good faith in moving to a residence acquired by them at an earlier time, and they rely upon *Belin v. United States*, 313 F. Supp. 715 (M.D. Pa. 1970), to support their contention. However, in *Belin*, the court merely decided whether a residence qualified as the taxpayer's principal residence, and clearly, that case has no relevance to the issue of this case. The petitioners point to no authority supporting their interpretation of the term "acquire," and indeed, in view of the legislative history, the regulations, and court decisions, there could be no such authority.

The petitioners also contend that if section 1034 is interpreted so as not to allow them to treat the value of their new residence as a part of the cost of purchasing it because it was acquired before 1972, such an interpretation is arbitrary and discriminates against them. Yet, it has been repeatedly held that the courts are to sustain the regulations unless they are arbitrary. *Commissioner v. South Texas Co.*, 333 U.S. 496, 501 (1948). Here, the regulations are supported by the legislative history. H. Rept. 586, at 377–378; S. Rept. 781, at 482–484; S. Rept. 781 (Part 2), at 566–570; see *Kern v. Granquist, supra*. That legislative history reveals that the purpose of section 1034 is to allow a taxpayer to defer the recognition of gain when the proceeds of selling an old residence are invested in the purchase of a new one. Section 1034(c)(2) and the regulations interpreting it are consistent with that objective; that is, section 1034 applies only to the costs which are paid in purchasing the new residence at or about the same time as the taxpayer receives the proceeds from the sale of the old residence. Consequently, we find no merit in the petitioners' arguments.

*Decision will be entered for the respondent.*