ROBERT L. POWELL III AND BELVA H. POWELL, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9750–79.     Filed June 10, 1980.

*John. W. Beddow,* for the petitioners.
*Edwina L. Wilson,* for the respondent.

### OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $1,179.07 in petitioners' Federal income tax for 1975. The only issue for our determination is whether petitioners are entitled, under section 44,[1] to a credit for the purchase of a new principal residence.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

At the time they filed their petition, petitioners resided at Charlotte, N.C. Petitioners, cash basis taxpayers, timely filed a joint Federal income tax return for 1975 with the Director, Internal Revenue Service Center, Memphis, Tenn.

Petitioners took legal title to their house in Charlotte, N.C., on February 21, 1975. However, petitioners did not begin to occupy this property as their new principal residence until March 22, 1975.

This residence was constructed and sold by the Ervin Co. A copy of the seller's certificate dated March 24, 1976, was filed with petitioners' 1975 return. In the certificate, the seller certified that the construction of the residence was begun before March 26, 1975, and that this residence had never been offered for sale since February 28, 1975, at a lower price than the price he sold the residence to Robert Powell, petitioner husband.

On their 1975 return, petitioners took a credit under section 44

---

[1]All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.

in the amount of $1,179.07 for the purchase price of a new principal residence.

Both petitioners and respondent agree that petitioners satisfy the requirements of sections 44(c)(1) and 44(e)(1)(A) and (C); that is, the parties concur that the property acquired by petitioners was their new principal residence, that construction began before March 26, 1975, that the house, not constructed by petitioners, was acquired by them under a binding contract entered into by them before January 1, 1976.

The parties disagree, however, about whether petitioners have satisfied the requirement of section 44(e)(1)(B) which restricts the availability of the credit to taxpayers who acquired and occupied their residences after March 12, 1975, and before January 1, 1977.

Petitioners argue that they are entitled to take the credit under section 44 because the date on which they satisfied the acquisition and occupancy tests was March 22, 1975, a date within the time limits specified in section 44(e)(1)(B). They assert that their situation is merely the converse of the example given in section 1.44–2(b), Income Tax Regs., that the legislative history of section 44 supports a flexible position on acquisition and occupancy prior to March 13, 1975, and that our decision in *Dobin v. Commissioner*, 73 T.C. 1121 (1980), confirms the correctness of their contentions.

Respondent, by contrast, maintains that petitioners are not entitled to claim the credit under section 44 because, having acquired legal title to their new principal residence on February 21, 1975, they do not satisfy the acquisition test within the period set forth in the statute.

Section 44(a) provides for a credit equal to 5 percent of the purchase price of a new principal residence purchased or constructed by the taxpayer. Section 44(e)(1)(B) limits the application of section 44 to property which is acquired and occupied by the taxpayer after March 12, 1975, and before January 1, 1977.

Petitioners acquired their property on February 21, 1975, a date which is patently outside the time limitations enunciated in the statute. While it is possible for a taxpayer to occupy a new

principal residence prior to March 13, 1975, and still qualify for the credit under section 44,[2] it is clear that he may not acquire the property before that date and be eligible to take the credit. Acquisition of property, as defined in section 1.44–2(b), Income Tax Regs., may only occur on 1 day; conversely, property may be occupied by a taxpayer over a continuum of time. See *Dobin v. Commissioner, supra* at 1124.

In *Dobin v. Commissioner, supra,* we presented a comprehensive analysis of the legislative history of section 44. We stated that the purpose of the section 44 credit was to aid the housing industry; we found that the statute was designed specifically to stimulate the sale of the large inventory of already built but unsold homes. *Dobin v. Commissioner, supra* at 1125. Since petitioners acquired legal title to their home on February 21, 1975, they were not, between March 13, 1975, and December 21, 1976, among the class of potential buyers Congress intended for this benefit.

Moreover, although petitioners attached a seller's certificate to their Federal income tax return, pursuant to section 44(e)(4), it is difficult to see how the seller could have logically certified to the requirement of section 44(e)(4)(B), that the purchase price of the residence was the lowest price at which the residence was offered for sale after February 28, 1975. The property at issue here was not offered for sale by the Ervin Co. at any price after February 28, 1975; petitioners already owned it.

Although the application of this statute may effect a harsh result in petitioners' case, the time limits of section 44 must be enforced as Congress intended. See generally *Shaw v. Commissioner,* 69 T.C. 1034, 1038 (1978) (application of time limitations of section 1034).

*Decision will be entered for the respondent.*

---

[2]See *Dobin v. Commissioner,* 73 T.C. 1121 (1980), and sec. 1.44–2(b), Income Tax Regs.