AUSTIN J. CALLAHAN and CLARA R. CALLAHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Callahan v. Commissioner
Docket No. 22638-80.
United States Tax Court
T.C. Memo 1982-526; 1982 Tax Ct. Memo LEXIS 221; 44 T.C.M. (CCH) 1114; T.C.M. (RIA) 82526; September 14, 1982. *221 Ps purchased a new residence on June 13, 1975, and on their Federal income tax return for that year, they claimed a credit under sec. 44, I.R.C. 1954, for the purchase of a new residence. They encountered economic difficulties and sold such residence on April 29, 1977. In attempting to find a new residence, they again encountered economic difficulties and did not purchase one until March 31, 1980. Held, the credit allowed on the purchase of the first residence is subject to recapture since it was sold prematurely and was not replaced timely with another residence. Austin J. Callahan, pro se. Paula M. Jung, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $1,186.48 in the petitioners' Federal income tax for 1978. The sole issue for decision is whether, under section 44(d) of the Internal Revenue Code of 1954, [1] a credit previously allowed for the acquisition of a new principal residence is subject to recapture in 1978. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Austin J. and Clara R. Callahan, husband and wife, resided in Flower Mound, Tex., at the time they filed their petition in this case. They timely filed their joint Federal income tax return for 1978 with the Internal Revenue Service. *224 On June 13, 1975, the petitioners purchased a new principal residence in Port Richey, Fla. On their joint Federal income tax return for 1975, they claimed a credit of $1,186.48 by reason of such purchase. After such purchase, Mr. Callahan lost his position, and he and his wife found it very difficult to keep up the payments on the Port Richey residence. In time, they concluded that it was necessary for them to sell such residence and leave Florida. It took them some time to find a purchaser, but on April 29, 1977, they sold such residence. Thereafter, the petitioners moved to Texas and attempted on a number of occasions to purchase a new residence. However, they encountered difficulties in finding a residence which they could afford or on which they could secure satisfactory financing, and during the 18-month period between April 29, 1977, and October 30, 1978, they did not purchase another new principal residence nor did they enter into a contract for the construction of a new principal residence. On March 31, 1980, the petitioners purchased a new principal residence in Flower Mound, Tex.
In his notice of deficiency, the Commissioner determined that the new residence *225 credit claimed on the petitioners' return for 1975 should be recaptured because they prematurely disposed of the Port Richey residence and because they failed to purchase or construct a new residence within the time limits prescribed by section 44(d)(2). OPINION We must decide whether the residence credit allowed the petitioners for 1975 must be recaptured in 1978 because of their premature sale of the Port Richey residence and their failure timely to purchase or construct a new residence. The petitioners have the burden of disproving the Commissioner's determination that the credit is subject to recapture in 1978. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). In general, section 44(a) allowed a credit for a portion of the cost for the purchase or construction of a new principal residence. However, such credit is subject to recapture if the residence was sold within 36 months after the acquisition. Sec. 44(d)(1); sec. 1.44-4(a), Income Tax Regs. Yet, the recapture rule is not applicable if the disposition was due to the death of an owner, to a casualty described in section 165(c)(3), to an involuntary conversion *226 described in section 1033(a), or to a divorce or legal separation. Sec. 44(d)(3); sec. 1.44-4(c), Income Tax Regs.Nor is the recapture rule applicable if the taxpayer purchased or constructed a new principal residence within the period prescribed by section 44(d)(2). Sec. 1.44-4(b), Income Tax Regs. Such period is the period for the purchase or construction of a new principal residence under section 1034(a), relating to the nonrecognition of gain on the sale of an old principal residence. Section 1.44-4(a)(2), Income Tax Regs., provides: (2) The replacement period is the period provided for purchase of a new principal residence under section 1034 of the Code without recognition of gain on the sale of the old residence. In the case of residences sold or exchanged after December 31, 1974, it is generally 18 months in the case of acquisition by purchase and 2 years in the case of construction by the taxpayer provided, however, that such construction has commenced within the 18-month period. Thus, a calendar-year taxpayer who disposes of his old principal residence in December 1975 and does not qualify under paragraph (b) or (c) of this section will include the amount previously *227 allowed as additional tax on his 1977 tax return.[Emphasis added.] It is clear that the petitioners disposed of the residence on which they were allowed a credit within 36 months after they acquired it. It is equally clear that they failed to acquire a new principal residence within the period required by section 44(d)(2). Thus, they failed to comply with the requirements of the statute to avoid recapture of the credit previously allowed. The petitioners assert that their sale of the Port Richey residence was not voluntary--they sold such residence only because of the economic difficulties that they had encountered. They also assert that they earnestly attempted to acquire a new principal residence within the 18-month period but that they were prevented from doing so because they could not find a residence which they could afford or one with respect to which the financing was adequate. They argue that these circumstances show that they did not willingly dispose of their Port Richey residence prematurely and did not deliberately fail to acquire a new residence timely; thus, they claim that the recapture provision of section 44(d) should not be applied to their case. *228 Although we sympathize with the petitioners, their argument must fail. Their sale was not an involuntary conversion within the meaning of section 1033(a), which deals with a taking of property by theft, seizure, or condemnation.Deductions and credits are a matter of legislative grace ( New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934)), and although the application of this statute may effect a harsh result, the time limits of section 44 must be enforced as Coingress enacted them ( Powell v. Commissioner,74 T.C. 552 (1980); see generally Shaw v. Commissioner,69 T.C. 1034, 1038 (1978)). Congress recognized that when a taxpayer makes a premature disposition of a residence with respect to which he has been allowed a credit, there might be mitigating ciricumstances, and the statute expressly provides that the recapture rule is not to be applied when the disposition occurs because of death, casualty, involuntary conversion, or divorce. Congress made no exception for the type of economic difficulties encountered by the petitioners. Congress laid down specific time limits for the acquisition of a new principal residence and made *229 no exceptions to those limits. Under these circumstances, we must follow the specific requirements of the statute, and we cannot add exceptions not included by Congress. See Lonergan v. Commissioner,T.C. Memo. 1982-346; Luther v. Commissioner,T.C. Memo. 1982-244. As the petitioners have not met such requirements, we must sustain the Commissioner's determination. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩