GERALD HOWARD BRITTON and BEVERLY KATHRYN BRITTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Britton v. Commissioner
Docket No. 13031-82.
United States Tax Court
T.C. Memo 1984-140; 1984 Tax Ct. Memo LEXIS 534; 47 T.C.M. (CCH) 1332; T.C.M. (RIA) 84140; March 21, 1984. Gerald Britton, pro se. Marikay Lee-Martinez, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $1,881 in petitioners' Federal income taxes for 1979, which deficiency resulted from respondent's determination that *535 petitioners were required to recapture a credit allowed to them in 1975 under section 44 [1] for the purchase of a new principal residence. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts is incorporated herein by this reference. Petitioners resided in Tucson, Arizona, at the time their petition herein was filed. On April 6, 1975, petitioners purchased a new principal residence in Denver, Colorado. They filed a 1975 joint individual income tax return on which they claimed and were allowed a new principal residence credit of $1,881, pursuant to section 44. In 1978, in order to secure a different climate for their young child afflicted with asthma, petitioners moved to Tucson, Arizona. On March 8, 1978, they sold the Denver home that had been purchased in 1975. Petitioners had resided at the Denver home for approximately 35 months from the date of purchase to the date of sale. On March 10, 1978, petitioners purchased a residence in Tucson, Arizona. Petitioners purchased *536 the Tucson residence from Leo Buss, the builder of the house, who had previously occupied it for at least 9 months as his living quarters as well as his business office. At the time of purchase the house was not finished, and petitioners thereafter spent several thousand dollars on trim, carpeting, and other finishing touches. OPINION Section 44 provided a credit against tax, up to a maximum of $2,000, for the purchase of a new principal residence between March 12, 1975, and January 1, 1977. Respondent does not deny petitioners' qualifications for the credit claimed by them in 1975. The dispute between the parties is over the correct application of the following portions of section 44: (c) Definitions.--For purposes of this section-- (1) New principal residence.--The term "new principal residence" means a principal residence (within the meaning of section 1034), the original use of which commences with the taxpayer * * *. * * * (d) Recapture for Certain Dispositions.-- (1) In General.--Except as provided in paragraphs (2) and (3), if the taxpayer disposes of property with respect to the purchase of which a credit was allowed under subsection (a) at any time within *537 36 months after the date on which he acquired it (or, in the case of construction by the taxpayer, on the day on which he first occupied it) as his principal residence, then the tax imposed under this chapter for the taxable year in which terminates the replacement period under paragraph (2) with respect to the disposition is increased by an amount equal to the amount allowed as a credit for the purchase of such property. (2) Acquisition of new residence.--If, in connection with a disposition described in paragraph (1) and within the applicable period prescribed in section 1034, the taxpayer purchases or constructs a new principal residence, then the provisions of paragraph (1) shall not apply and the tax imposed by this chapter for the taxable year following the taxable year during which disposition occurs is increased by an amount which bears the same ratio to the amount allowed as a credit for the purchase of the old residence as (A) the adjusted sales price of the old residence (within the meaning of section 1034), reduced (but not below zero) by the taxpayer's cost of purchasing the new residence (within the meaning of such section) bears to (B) the adjusted sales price of *538 the old residence. Respondent contends that petitioners must recapture the credit taken because the builder's use of the Tucson house as a residence precludes classification of that house as a new principal residence, "the original use of which commences with the taxpayer." Petitioner contends that the occupancy by the builder of a house used as his office prior to the time of sale does not preclude their avoidance of recapture of the new residence credit under the provisions of section 44(d)(2). Respondent's determination in this case is the unavoidable consequence of literal application of the statutory language of section 44(c) and (d)(1). See section 1.44-5(a), Income Tax Regs., "'Original use' of the new principal residence by the taxpayer means that such residence has never been used as a residence prior to its use as such by the taxpayer." We have no power to modify the express terms of the statute, even where the result seems harsh. Powell v. Commisioner,74 T.C. 552 (1980). See also Kern v. Granquist,291 F.2d 29 (9th Cir. 1961). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here is issue.↩