PATRICIA B. FARR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farr v. Commissioner
Docket No. 6347-91
United States Tax Court
T.C. Memo 1993-29; 1993 Tax Ct. Memo LEXIS 29; 65 T.C.M. (CCH) 1803; January 27, 1993, Filed *29 Decision will be entered for respondent. Patricia B. Farr, pro se. For respondent: John M. Altman. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in and additions to petitioner's 1987 Federal income tax as follows: Additions to Tax
Deficiency
Sec. 6651
Sec. 6653(a)(1)(A)
Sec. 6654
$ 71,111
$ 15,942
[1] $3,555.55
$ 3,133
The issues presented for decision for taxable year 1987 are: 1. Whether petitioner failed to report income as determined by respondent. We hold that she did. 2. Whether petitioner is liable for the addition to tax pursuant to section 6651 [1] for failure to file a tax return. We hold that she is. *30 3. Whether petitioner is liable for the negligence addition to tax pursuant to section 6653(a)(1)(A). We hold that she is. 4. Whether petitioner is liable for the section 6654 addition to tax for failure to pay estimated taxes. We hold that she is. FINDINGS OF FACT Petitioner resided in Laclede, Idaho, at the time she filed her petition. In 1987, petitioner was married to Edward Farr. Respondent's notice of deficiency was issued only to petitioner, and the petition filed herein was filed only on behalf of petitioner. During 1987, petitioner was employed by United Airlines and received compensation in the amount of $ 36,550. On February 6, 1987, petitioner and her husband sold a personal residence located in Thousand Oaks, California. Escrow papers on the sale indicate that the sales price of the property was $ 165,000. From this gross sales price, petitioner received cash in the approximate amount of $ 86,200. An unknown portion of the gross sales price was applied to petitioner's mortgage on the property. Petitioner maintained no records on this transaction, and has presented no records or documents indicating the adjusted basis of the Thousand Oaks property as of *31 February 6, 1987. In 1986, prior to this sale, petitioner purchased other real property, the location of which is unknown, and began building a residence thereon. Petitioner used the $ 86,200 in cash that she received from the sale of the Thousand Oaks property to build this new residence. Petitioner claims to possess receipts in the accumulated amount of $ 87,158 which she incurred in purchasing this new property and in constructing the residence situated thereon. Petitioner moved into this new residence in June 1987. In 1988, petitioner apparently quitclaimed this entire property back to its prior owner. In 1991, respondent issued a notice of deficiency to petitioner for taxable year 1987 in which she determined that petitioner: (1) Failed to file a Federal income tax return; (2) failed to report the compensation she received from United Airlines; (3) failed to report gain from the sale of the Thousand Oaks residence in the amount of $ 165,000; and (4) was liable for the additions to tax for failure to timely file a return, negligence, and failure to pay estimated income taxes. OPINION Issue 1. Deficiency in Income Tax
Section 1 of subtitle A imposes an income tax *32 on the taxable income of every individual who is a citizen or resident of the United States. Sec. 1; sec. 1.1-1(a)(1), Income Tax Regs. Taxable income means gross income less those deductions specifically allowed by the Internal Revenue Code. Sec. 63(a). Gross income is defined as income from whatever source derived, including compensation for services rendered and gains derived from dealings in property. Sec. 61(a)(1) and (3). If the Commissioner determines that there is a deficiency in respect of any income tax imposed by subtitle A, the Commissioner is authorized to send a notice of such deficiency to the taxpayer. Sec. 6212(a). The determinations contained within a notice of deficiency are normally entitled to a presumption of correctness, and the taxpayer has the burden of proving by a preponderance of the evidence that the determinations are erroneous. Rule 142(a); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985), affg. an unreported Order of this Court. In the instant case, respondent issued a notice of deficiency to petitioner in which she determined that petitioner failed to report income in taxable year 1987 in the amount of *33 $ 36,500 that she received from United Airlines as compensation for services rendered. Petitioner was employed by United Airlines in 1987 and earned income therefrom in the amount determined by respondent. Therefore, we sustain respondent's determination that for taxable year 1987 petitioner failed to report income in the amount of $ 36,550 that she received from United Airlines as compensation for services rendered. See Rule 142(a). Respondent also determined in her notice of deficiency that petitioner failed to report a gain of $ 165,000 from the sale of the Thousand Oaks property. Gain from the sale of property is the excess of the amount realized over the adjusted basis of the property. Sec. 1001(a). The amount realized is the sum of any money received plus the fair market value of any property received. Sec. 1001(b). In the instant case, the amount realized from the sale of the Thousand Oaks property was $ 165,000. An unknown portion of this amount was used to pay off petitioner's mortgage on the property, and approximately $ 86,200 was distributed to petitioner in cash. Petitioner has presented no evidence establishing the adjusted basis of the Thousand Oaks property *34 as of the date of its sale. Because petitioner has the burden of proof on this issue, we find that the gain from the sale of the Thousand Oaks property was $ 165,000, as determined by respondent. Rule 142(a). Petitioner contends that section 1034 is applicable to the instant case and allows her to defer a portion or all of this gain. Section 1034 allows a taxpayer to defer the recognition of gain from the sale of a principal residence if the taxpayer purchases and uses a new principal residence within the period beginning 2 years before and ending 2 years after the sale of the old residence. In order to be entitled to the benefit of section 1034, petitioner must prove that she has satisfied all of the section's requirements. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Shaw v. Commissioner, 69 T.C. 1034, 1038 (1978). In the instant case, petitioner has failed to prove that she satisfies all the requirements of section 1034. Among other things, petitioner has failed to prove: (1) That she used the Thousand Oaks property as her principal place of residence in 1987; (2) that she used the new residence as her *35 principal place of residence; (3) that within the 4-year period surrounding the 1987 sale, she did not purchase another residence which she used as her principal place of residence in the 2-year period following the 1987 sale; and (4) that she had not previously taken advantage of section 1034 in the 2-year period preceding the 1987 sale. Sec. 1034(a), (c)(4), (d)(1). In sum, we fully sustain respondent's determination that petitioner failed to report income in the year at issue in the amount determined by respondent. Issue 2. Addition to Tax for Failure to File Tax Return
Section 6012 provides that with respect to income taxes imposed under subtitle A, every individual having, for the taxable year, gross income equaling or exceeding the exemption amount is required to file a return. Respondent determined that petitioner, having gross income exceeding the exemption amount, failed to file such a return for the taxable year at issue and, accordingly, determined that she was liable for the addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) provides for an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable *36 cause and not willful neglect. Petitioner has the burden of proving that the addition to tax for failure to file a return should not be upheld. Rule 142(a); Welch v. Helvering, supra; Clayden v. Commissioner, 90 T.C. 656, 677 (1988). Petitioner has presented no evidence that she filed a Federal income tax return for 1987 or that her failure to due so was due to a reasonable cause and not to willful neglect. Therefore, we sustain respondent's determination that petitioner is liable for the addition to tax pursuant to section 6651(a)(1) in the year at issue. Rule 142(a). Issue 3. Negligence Addition to Tax
Respondent determined that petitioner's underpayment of income taxes for 1987 was due to negligence or intentional disregard of rules or regulations and, accordingly, determined that she was liable for the negligence addition to tax pursuant to section 6653(a)(1). Negligence under section 6653(a) means lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner *37 has the burden of proving that she is not liable for the negligence addition to tax. Rule 142(a); Welch v. Helvering, supra; Neely v. Commissioner, supra at 947. Petitioner has presented no evidence to refute the addition to tax under section 6653(a)(1) for negligence or intentional disregard of rules or regulations. Accordingly, we sustain respondent's determination on this issue. Rule 142(a). Issue 4. Addition to Tax for Failure to Pay Estimated Taxes
In respondent's notice of deficiency, respondent determined that petitioner was liable for the addition to tax pursuant to section 6654(a) for failure to pay estimated income taxes. Petitioner has the burden of proving that she is not liable for this addition to tax. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner has failed to introduce any evidence indicating that respondent's determination is erroneous. Accordingly, we conclude that petitioner is liable for the addition to tax under section 6654(a). Rule 142(a). *38 We note in conclusion that throughout the proceedings in the instant case, petitioner has asserted other arguments, including typical tax protester arguments, to support her contention that she is not liable for the deficiency or the additions to tax determined against her. We have considered petitioner's arguments and have found such meritless or have found that the record does not contain sufficient facts to support her contentions. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence pursuant to sec. 6653(a)(1)(B).↩
1. All section references are to the Internal Revenue Code in effect for taxable year 1987, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩